Richard S. Falcone, Bar No. 095265
rfalcone@littler.com
LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, California 92612
Telephone: 949.705.3000
Fax No.: 949.724.1201

Summer E. Mielke, Bar No. 341664
smielke@littler.com
LITTLER MENDELSON, P.C.
50 W. San Fernando
7th Floor
San Jose, California 95113.2431
Telephone: 408.998.4150
Fax No.: 408.288.5686

Attorneys for Defendants
SERENA & LILY, INC.
EMILY COOPER
LORI GREELEY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANJALI BARZ, an Individual, | Case No. 4:23-cv-05531 |
| Plaintiff, | **JOINT STIPULATION TO CONTINUE CASE MANAGEMENT CONFERENCE AND CASE DEADLINES AND ORDER (as modified)** |
| v. | |
| SERENA & LILY, INC., a Delaware Corporation; EMILY COOPER, an Individual; LORI GREELEY, an Individual, | |
| Defendants. | Trial Date: None Set<br>Complaint Filed: October 26, 2023 |

Plaintiff Anjali Barz ("Plaintiff") and Defendants Serena & Lily, Inc., Emily Cooper and Lori Greeley (collectively, "Defendants") (Plaintiff and Defendants are referred to as the "Parties") by and through their respective counsel of record herein, hereby stipulate and agree as follows:

**WHEREAS**, on October 26, 2023, Plaintiff filed a Complaint against Defendants alleging seven causes of action as follows: : (1) Age Discrimination in violation of Cal. Gov. Code § 12900 et seq. and 29 U.S. Code § 623 et seq.; (2) Retaliation in violation of Cal. Gov. Code § 12940 et seq. and

1  29 U.S. Code § 623 et seq; (3) Retaliation in violation of Cal. Lab. Code § 1102.5; (4) Wrongful

2  Termination in Violation of Public Policy; (5) Intentional Infliction of Emotional Distress; (6)

3  Negligence; and (7) Retaliation in violation of 29 U.S. Code § 215(a)(3) (hereafter the "Lawsuit");

4  **WHEREAS,** Plaintiff and Defendants are parties to an Arbitration Agreement that requires

5  submission of Plaintiff's pending claims to private arbitration.  A true and accurate copy of that

6  Agreement is attached hereto as Exhibit 1.

7  **WHEREAS**, on October 27, 2023, this Court issued an order setting the Initial Case

8  Management Conference for February 6, 2024 and the deadline to file a Rule 26(f) Report, complete

9  initial disclosures or state objection in Rule 26(f) Report, and file Case Management Statement for

10  January 30, 2024.

11  **WHEREAS**, the Parties have agreed to engage in private mediation on March 7, 2024 to

12  attempt to resolve this matter and have further agreed to exchange documents and information prior

13  to the mediation all in an effort to avoid the cost and use of Judicial Resources including the time to

14  address a potential motion to compel arbitration that Defendants would file;

15  **WHEREAS**, the Parties agree to continue the Initial Case Management Conference by two

16  months to allow the Parties to complete the mediation and for Defendants to file a motion to compel

17  arbitration in the event that mediation fails;

18  **WHEREAS**, to avoid incurring unnecessary costs for all parties, the Parties have agreed to

19  extend the time for Defendants to file an Answer to Plaintiff's Complaint;

20  Now therefore, subject to the Court's approval, it is hereby stipulated by and among the Parties

21  hereto, through their respective counsel of record, for good cause as shown:

22  That the Initial Case Management Conference be continued by approximately two months to

23  April 9, 2024.

24  That the deadline to file a Rule 26(f) Report, complete initial disclosures or state objections in

25  Rule 26(f) Report, and file Case Management Statement be continued by approximately two months

26  to March 29, 2024.

27  That the deadline for Defendants to file an Answer to the Complaint be extended to March 29,

28  2024.

4873-0710-1601.1 / 109459-1021

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800

**IT IS SO STIPULATED**.
Dated: January 29, 2024

CANTOR LAW

*/s/ Zachary Cantor*
Zachary Cantor
Attorneys for Plaintiff
ANJALI BARZ

Dated: January 29, 2024

LITTLER MENDELSON, P.C.

Richard S. Falcone
Summer E. Mielke
Attorneys for Defendants
SERENA & LILY, INC.
EMILY COOPER
LORI GREELEY

4873-0710-1601.1 / 109459-1021

3

## ORDER

Upon consideration of the Stipulation to Continue Case Management Conference and Case Deadlines between Plaintiff Anjali Barz ("Plaintiff") and Defendants Serena & Lily, Inc., Emily Cooper and Lori Greeley ("Defendants") (collectively the "Parties"), and good cause appearing,

IT IS HEREBY ORDERED THAT:

The Initial Case Management Conference be continued by approximately two months to April 30, 2024.

The deadline to file a Rule 26(f) Report, complete initial disclosures or state objections in Rule 26(f) Report, and file Case Management Statement be continued by approximately two months to April 23, 2024.

The deadline for Defendants to file an Answer to the Complaint be extended to March 29, 2024.

**IT IS SO ORDERED**

DATED: 1/30/2024

_____
Magistrate Judge Kandis A. Westmore

4873-0710-1601.1 / 109459-1021

# EXHIBIT 1

**Exhibit B**

**MUTUAL ARBITRATION AGREEMENT (FL)**

If you and Serena & Lily, Inc. or any of its successors, predecessors, subsidiaries, divisions, related entities, "dba"s and/or assigns (collectively, "S&L") have a legal dispute regarding your employment that cannot be resolved by mutual discussion between you and S&L, both parties agree to resolve that dispute through binding arbitration before an arbitrator experienced in employment law regardless of when the dispute arises.

Scope. This agreement to arbitrate includes any claims that S&L may have against you, and any claims that you may have against S&L or any of its employees, supervisors, managers or agents, arising out of or relating to your current or future employment, or application for employment, including but not limited to (1) any claims of discrimination, harassment or retaliation, (2) violation of any federal, state or local law, (3) any claims relating to your wages, compensation, training, or terms and conditions of employment, and (4) any claims relating to the termination of your employment. Arbitration shall be the exclusive and binding remedy for any such dispute and shall be used instead of any court action (including jury trial), which is hereby expressly waived. This agreement does not apply to (1) claims for workers' compensation benefits (except for claims for workers' compensation discrimination or retaliation), (2) unemployment insurance benefits, (3) claims arising under the National Labor Relations Act or falling within the jurisdiction of the National Labor Relations Board, (4) claims before a state or federal administrative agency, or (5) any request by either party for temporary or preliminary injunctive relief pending arbitration in accordance with applicable law.

Rules. The arbitration will be conducted by a neutral arbitrator in accordance with the then current JAMS Employment Arbitration Rules & Procedures (available at https://www.jamsadr.com/rules-employment-arbitration/english) and the substantive laws of the State of Florida. The arbitration will be conducted in _____ County, Florida. In the event the then current JAMS Rules incorporated herein by reference do not comply with the then existing minimum legal requirements for this agreement to be enforceable, the parties agree that this agreement shall guarantee and provide for any such requirements to be met, including but not limited to the requirements that the arbitration provide for adequate discovery and allow for all types of relief otherwise available in court, and that the arbitrator issue a written decision.

Costs. S&L will pay for any costs or fees associated with arbitration, including the fee due to the arbitrator, beyond the amount you would have been required to pay had you brought an action in a civil court. You must pay for any AAA filing and administrative fees up to the amount you would have been required to pay had you brought an action in a civil court, and for any attorney or others you decide to retain.

No Class Claims. All claims and disputes subject to this agreement must be brought in each party's individual capacity, and not as a plaintiff, class representative, or class member in any purported class, collective or representative proceeding. Once appointed, the arbitrator may not consolidate more than one person's claims, and may not otherwise preside over any form of class or representative proceeding.

Arbitrability. All questions and disputes regarding arbitrability shall be determined in accordance with the Federal Arbitration Act, 9 U.S.C. Sections 1-16, and the arbitrator shall have the exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability or formation of this agreement including, but not limited to, any claim that all or any part of this agreement is void or voidable. If any provision of this agreement is found to be unenforceable, it shall be limited or severed and the other provisions shall remain in full force and effect.

Anjali Barz
Print Name

Signature: Anjali Barz    Date: 8/29/19

On behalf of S&L:
By: _____    Date: 8/29/19
Signature

**Exhibit B**

**MUTUAL ARBITRATION AGREEMENT (CT)**

If you and Serena & Lily, Inc. or any of its successors, predecessors, subsidiaries, divisions, related entities, "dba"s and/or assigns (collectively, "S&L") have a legal dispute regarding your employment that cannot be resolved by mutual discussion between you and S&L, both parties agree to resolve that dispute through binding arbitration before an arbitrator experienced in employment law regardless of when the dispute arises.

Scope. This agreement to arbitrate includes any claims that S&L may have against you, and any claims that you may have against S&L or any of its employees, supervisors, managers or agents, arising out of or relating to your current or future employment, or application for employment, including but not limited to (1) any claims of discrimination, harassment or retaliation, (2) violation of any federal, state or local law, (3) any claims relating to your wages, compensation, training, or terms and conditions of employment, and (4) any claims relating to the termination of your employment. Arbitration shall be the exclusive and binding remedy for any such dispute and shall be used instead of any court action (including jury trial), which is hereby expressly waived. This agreement does not apply to (1) claims for workers' compensation benefits (except for claims for workers' compensation discrimination or retaliation), (2) unemployment insurance benefits, (3) claims arising under the National Labor Relations Act or falling within the jurisdiction of the National Labor Relations Board, (4) claims before a state or federal administrative agency, or (5) any request by either party for temporary or preliminary injunctive relief pending arbitration in accordance with applicable law.

Rules. The arbitration will be conducted by a neutral arbitrator in accordance with the then current JAMS Employment Arbitration Rules & Procedures (available at www.jamsadr.com) and the substantive laws of the State of Connecticut. The arbitration will be conducted in Fairfield County, Connecticut. In the event the then current JAMS Rules incorporated herein by reference do not comply with the then existing minimum legal requirements for this agreement to be enforceable, the parties agree that this agreement shall guarantee and provide for any such requirements to be met, including but not limited to the requirements that the arbitration provide for adequate discovery and allow for all types of relief otherwise available in court, and that the arbitrator issue a written decision.

Costs. S&L will pay for any costs or fees associated with arbitration, including the fee due to the arbitrator, beyond the amount you would have been required to pay had you brought an action in a civil court. You must pay for any JAMS filing and administrative fees up to the amount you would have been required to pay had you brought an action in a civil court, and for any attorney or others you decide to retain.

No Class Claims. All claims and disputes subject to this agreement must be brought in each party's individual capacity, and not as a plaintiff, class representative, or class member in any purported class, collective or representative proceeding. Once appointed, the arbitrator may not consolidate more than one person's claims, and may not otherwise preside over any form of class or representative proceeding.

Arbitrability. All questions and disputes regarding arbitrability shall be determined in accordance with the Federal Arbitration Act, 9 U.S.C. Sections 1-16, and the arbitrator shall have the exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability or formation of this agreement including, but not limited to, any claim that all or any part of this agreement is void or voidable. If any provision of this agreement is found to be unenforceable, it shall be limited or severed and the other provisions shall remain in full force and effect.

Print Name: Anjali Bar2 10

Signature: [signature]   Date: 10/4/17

On behalf of S&L:

By: [signature] Emily G Lew   Date: 10/4/17